Tucker, P.
Concurring entirely with my brother Parker in opinion that the habeas corpus was the appropriate remedy for the defendant in error, I yet think that the judgment below was erroneous and should be reversed. 1 am satisfied that the conveyance by Birting to Barr must be taken to be void as to his then subsisting creditors. He became insolvent within a year afterwards, and was considerably indebted at the time, having regard to his property and resources and his condition of life. It is moreover clear from the evidence, that the deed was altogether voluntary. It is not pretended that Barr paid, or contracted to pay, one cent. The pretended consideration was paid and to be paid out of the earnings of Ben, accruing whilst he remained the slave of Birting. These earnings already belonged to Birting, and could form no consideration for the sale to Barr. The uncollected portion of them ought to have been surrendered in Birtingh schedule, *480 for his creditors had a right to it. The law recognizes no power in a slave to acquire property. What he acquires becomes, eodem flatu, his master’s. The right to himself includes an absolute right" to all that he acquires. Of this opinion Blackstone clearly was, when, in discussing the question of slavery, he said that if a man could sell himself, the price given for him by his master would instantly belong again to the master. Our law, certainly, recognizes no such power in the slave to acquire property; and as the introduction of such a principle into our jurisprudence might lead to consequences not easily foreseen, it is better that the subject should be left to legislative provision, by which the necessary safeguards against mischief may be supplied. If I am right, there was then no consideration for the deed to Barr. Without therefore considering the other questions discussed, it is sufficient to say, that the deed being void as to the plaintiff in error, his execution was properly levied upon the property: and moreover the act of emancipation by the donee cannot bar or impair his rights. If indeed the debt be discharged, then the deed will be good between the parties, and the deed of emancipation will have effect. But while the debt is unsatisfied, the superior right of the creditor must ride over both. The consequence would be the reversal of the judgment, and an order that the defendant in error be remanded to the custody of the sheriff', to be proceeded with under the execution, unless such proceeding be restrained hereafter by any other process of law. But my brethren being of opinion that there was no error in the order of the judge discharging the said defendant, that order must be affirmed.
Order affirmed.